UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRIAN LLEWELLYN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CELLCO PARTNERSHIP, *et al.*,<br><br>Defendants. | No. 2:25-cv-01316-RSL<br><br>ORDER DENYING MOTION FOR CLASS CERTIFICATION |

This matter comes before the Court on plaintiff's motion to certify class (Dkt. 16); defendants' response (Dkt. 24); plaintiff's reply (Dkt. 34); and the related declarations (Dkts. 17–19, 25–33). Having reviewed these filings and the record herein, the Court DENIES the motion to certify class for the reasons explained below.

## I. Background

This matter was removed to this Court on July 14, 2025. Dkt. 1. As stated in plaintiff's complaint: "Plaintiff alleges that Defendants failed to pay Plaintiff and Class members for all hours worked, failed to provide compliant meal and rest periods, failed to provide wages and damages for the noncompliant meal and rest periods, and failed to furnish accurate wage statements in violation of the Minimum Wage Act ('MWA'), chapter 49.46 RCW, Wage Rebate

Act ('WRA'), chapter 49.52 RCW, and Industrial Welfare Act ('IWA'), chapter 49.12 RCW." *Id*. On April 3, 2026, plaintiff filed a motion pursuant to Fed. R. Civ. P. 23(a) and (b)(3) that seeks certification of the following class: "All current and former non-exempt employees of Verizon who worked in Washington between June 11, 2022, and the date notice is provided to the class." Dkt. 16 at 2:7–8.

Plaintiff alleges that he "worked for Defendants as a non-exempt Business Account Manager from approximately August 2018 through May 2025 at Defendants' Washington office locations in Woodinville, Kirkland, Lynnwood, Everett and Marysville." Dkt. 18 at ¶ 4. Plaintiff further alleges that "throughout" his tenure, and in violation of Washington State law, he "was routinely denied uninterrupted 30-minute meal periods commencing between the second and fifth hour of my shifts" and "was also routinely denied 10-minute rest periods free from work related responsibilities for each 4 hours of working time." *Id*. at ¶ 6, 8. Plaintiff alleges that "I never agreed to waive my right to compliant meal or rest periods." *Id*. at ¶ 9.

## II. Discussion

### A. Class Certification Standard

A party seeking class certification must first demonstrate that the numerosity, commonality, typicality, and adequacy-of-representation requirements contained in Fed. R. Civ. P. 23(a) are satisfied. *Wang v. Chinese Daily News, Inc.*, 737 F.3d 538, 542 (9th Cir. 2013). To assure itself that the Rule 23(a) requirements have been satisfied, the trial court must conduct a "rigorous analysis." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350–51 (2011). The analysis may require the court to "probe behind the pleadings" to assure itself that the party seeking class

certification is "prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Id*.

"If the initial requirements of Rule 23(a) are met, a putative class representative must also show the class falls into one of three categories under Rule 23(b)." *Johnson v. City of Grants Pass*, 50 F.4th 787, 802 (9th Cir. 2022). Here, plaintiff is seeking class certification under Rule 23(b)(3), which requires the court to find that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Dkt. 16 at 2:5–6.

**B. Numerosity**

Under Rule 23(a)(1), plaintiff must demonstrate that the putative class "is so numerous that joinder of all members is impracticable." Defendants do not challenge plaintiff's assertion that the numerosity requirement has been met in this matter. Dkts. 16, 24, 34 at 4. Plaintiff seeks to certify a class comprised of "[a]ll current and former non-exempt employees of Verizon who worked in Washington between June 11, 2022, and the date notice is provided to the class." Dkt. 16 at 2:7–8. Defendants have submitted a declaration stating that from June 1, 2022, through June 8, 2025, the Cellco Partnership—which defendants describe as being "indirectly, wholly owned by Verizon Communications, Inc."—employed or had employed "approximately 1,126 individuals" who meet the putative class description. Dkts. 3, 9. A class with more than 100 members will generally meet the numerosity requirement. *Does 1-10 v. Univ. of Washington*, 326 F.R.D. 669, 679 (W.D. Wash. 2018). *See also City of Grants Pass*, 50 F.4th at 803

("[C]lasses of more than sixty are sufficiently large."). Therefore, the Court finds that plaintiff's putative class meets the numerosity requirement of Rule 23(a)(1).

**C. Commonality**

Rule 23(a)(2) requires plaintiff to show there are "questions of law or fact common to the class." However, "[t]he Supreme Court has said the word 'question' in Rule 23(a)(2) is a misnomer . . . ." *City of Grants Pass*, 50 F.4th at 804 (citing *Wal-Mart*, 564 U.S. at 350). Merely reciting questions when seeking class certification is "not sufficient." *Wal-Mart*, 564 U.S. at 349. Rather, a plaintiff must show that the putative class members "have suffered the same injury." *Id*. at 340–50 (citing *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 157 (1982)). "This does not mean merely that they have all suffered a violation of the same provision of law." *Id*. at 350. Instead, the claims of the putative class "must depend on a common contention" that is "capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id*. Put another way:

> What matters to class certification ... is not the raising of common 'questions'—even in droves—but rather, the capacity of a class-wide proceeding to generate common *answers* apt to drive the resolution of the litigation. Dissimilarities within the proposed class are what have the potential to impede the generation of common answers.

*Id*. (quoting Richard A. Nagareda, *Class Certification in the Age of Aggregate Proof*, 84 N.Y.U. L. Rev. 97, 132 (2009)). However, the existence of a single common question is sufficient to meet the requirement of Rule 23(a)(2). *Id*. at 359.

Commonality may be shown by "[s]ignificant proof" of a "general policy" that led to a common injury among all putative class members. *Id*. 353 (citing *Falcon*, 457 U.S. at 159, n.15). Here, plaintiff alleges in his motion to certify class that the claims of all putative class members "hinge on Verizon's common policy and practice of failing to compensate them for missed and noncompliant meal and rest periods." Dkt. 16 at 8:10–12. But defendants' response points out that Verizon's policies "require compliant meal and rest periods" (Dkt. 24 at 18:1–20), and plaintiff's reply then clarifies that "*written* policies are not the point of contention" (Dkt. 34 at 5:2). Rather, plaintiff's reply states, "[t]he issue is whether Verizion *complied* in practice." *Id*. *See also* Dkt. 18 at ¶ 10. Therefore, the Court will treat plaintiff's motion for class certification as alleging that a practice, not a policy, led to a common injury.

A threshold question for this Court, then, is whether plaintiff's pleadings "affirmatively demonstrate" that plaintiff is "prepared to prove" his allegation that in practice, defendants denied meal and rest periods to the putative class members by requiring the putative class members to work through their meal and rest periods. *Wal-Mart*, 564 U.S. at 350. If plaintiff cannot "affirmatively demonstrate" that he is "prepared to prove" this, then he has not put forward "a common contention" that is "capable of classwide resolution." *Id*. The preponderance of evidence standard applies when considering whether a plaintiff is prepared to prove the prerequisites of Rule 23. *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 664 (9th Cir. 2022).

Plaintiff argues that class certification is appropriate here because the common questions and issues presented in this case are similar to those presented in *Carlson v. Home Depot USA Inc.*, No. C20-1150 MJP, 2021 WL 4636858 (W.D. Wash. Oct. 7, 2021). Dkt. 16 at 9. In *Carlson*, Judge Marsha J. Pechman granted in part plaintiff Chris Carlson's motion for class certification in a lawsuit alleging that Home Depot "failed to provide him with timely and full rest and meal breaks due to Home Depot's company-wide policies, culture, and practices." *Id*. at *1. But the *Carlson* court noted that plaintiff there had backed up his allegations "with his own testimony and the statements of 19 class members," and that those declarations showcased "Home Depot's failure to enable timely and full meal breaks." *Id*. at *7. Here, plaintiff offers this Court only one putative class member's declaration: his own. Dkt. 18. Plaintiff's declaration states that plaintiff was "routinely" denied breaks, but it does not specifically state that plaintiff believes Verizon had a practice of denying breaks to other employees in the putative class. *Id*.

In an April 23, 2026, deposition of plaintiff that was filed by defendants, plaintiff stated that he could not recall anyone ever approaching him with questions about meal periods during his employment at Verizon. Dkt. 25, Ex. A at 123:3–6. Plaintiff did recall a few "retail" employees at two Washington State Verizon retail store locations complaining about not getting rest breaks,[1] and he stated that he observed retail store

[1] Defendants note, and plaintiff does not contest, that plaintiff worked at all relevant times in Verizon's business group as a business account manager, not in Verizon's retail group, which makes up "the vast majority of the putative class." Dkts. 18 at ¶ 4–5; 24 at 7–13; 34 at 7. In *Carlson*, the court was similarly presented with a claim that covered two different types of employees (supervisors and specialists at Home Depot). No. C20-1150 MJP, 2021 WL 4636858, at *1 (W.D. Wash. Oct. 7, 2021).

employees not getting meal or rest breaks when "they were stuck handling customers one after another," but plaintiff could only recall the full name of one of the employees who complained to him. *Id*. at 122–24. Plaintiff also stated that some of the Verizon retail store employees who complained about not getting rest breaks no longer work for Verizon. *Id*. at 123:16–18. This suggests there could be a number of people who are no longer on Verizon's payroll and could file truthful declarations about not receiving required rest breaks while employed by Verizon. However, no additional declarations of that sort, or any sort, have been filed in this matter.

Thus, when this Court attempts to "probe behind the pleadings," it finds only plaintiff's declaration and deposition answers, which hardly compel the conclusion that plaintiff is "prepared to prove" his allegation of a widespread practice of Verizon denying its Washington State employees breaks. *Wal-Mart*, 564 U.S. at 350. The Court also finds a short declaration and one-page report from a data scientist who reviewed and analyzed "the time punch records of [plaintiff] and the putative class members." Dkt. 19. This data scientist reviewed time punch records for 849 putative class members and reported finding 137,850 meal violations and 515,427 rest break violations, resulting in lost wages of $4,779,032.31. *Id*. at ¶ 11–12. However, the data scientist's declaration and report offer no insight into his methodology, other than that his report "assumes no rest breaks

---

However, unlike here, the plaintiff in *Carlson* supported his allegations "with his own testimony and the declarations of 19 other supervisors *and* specialists." *Id*. (emphasis added).

were taken" by any of those 849 putative class members from June 11, 2022, through March 31, 2026. *Id*. at 8. Defendants state that the Verizon employees covered by this putative class "do not punch out and in for rest breaks," meaning that while there is no punch data on rest breaks actually taken by those 849 putative class members, there is also no punch data that would support the data scientist's assumption that zero rest breaks were taken by those 849 putative class members over nearly four years. Dkt. 24 at 20. This is not the caliber of analysis and evidence provided to the court in *Carlson*, where Judge Pechman found that "time punch data can be sufficient" in certain cases focused on breaks and wages, "*particularly if coupled with other evidence* of the custom and practice preventing employees from taking breaks." No. C20-1150 MJP, 2021 WL 4636858, *7 (W.D. Wash. Oct. 7, 2021) (emphasis added).[2]

Judge Pechman distinguished *Carlson* from *Brady v. AutoZone Stores, Inc.*, No. C13-1862 RAJ, 2015 WL 5732550, at *3–7 (W.D. Wash. Sept. 30, 2015). In that case, which was also about wages and breaks, Judge Richard A. Jones denied a motion for class certification and noted that because employees in Washington State can waive their meal breaks, if punch records do not explain "*why*" a required meal break was not taken then "[d]etermining whether an employer is responsible for (and legally liable for) a missed meal period is more complicated than what we can decipher from 'punch-

[2] Nor is it the "detailed" and "comprehensive" evidence offered in *Parsons v. Ryan*, 754 F.3d 657, 663, 667 (9th Cir. 2014).

in/punch-out' data." On the record before this Court, the present case is more like *Brady* than *Carlson* due to plaintiff's reliance on his own limited allegations and a data scientist's bare-bones report on punch data (a report that, as discussed, assumes zero breaks and gives no indication of having considered *why* required meal breaks were not taken).[3] Therefore, the Court finds that plaintiff's pleadings fail to "affirmatively demonstrate" that plaintiff is "prepared to prove" his allegation that in practice, defendants denied meal and rest periods to the putative class members by requiring the putative class members to work through their meal and rest periods. *Wal-Mart*, 564 U.S. at 350. On the current record, the Court simply does not find that a preponderance of the evidence supports this allegation. *Olean*, 31 F.4th at 664. As a result, plaintiff has failed to put forward "a common contention" that is "capable of classwide resolution" and, consequently, he has failed to meet the commonality requirement of Rule 23(a)(2). *Id.* [4]

---

[3] Notably on this point, defendants state that since August 2023 Verizon retail employees have been able to supply a potential reason for a missed meal break, including that the meal break was "waived." Dkt. 24 at 9–10. There is no indication of whether, and if so how, plaintiff's data scientist analyzed the reasons putative class members may have provided for their missed meal breaks.

[4] Although raising common questions is not sufficient to meet the commonality requirement of Rule 23(a)(2), *Wal-Mart*, 564 U.S. at 349–50, the Court notes that the "common questions" offered by plaintiff only highlight the flaws in plaintiff's motion. Each of the two "overarching common questions" that plaintiff presents is exactly the sort of "Is that an unlawful employment practice?" question that the *Wal-Mart* Court highlighted as being insufficient. *Id*. *See also* Dkt. 16 at 8:13–19. In addition, plaintiff offers seven "common questions of law and fact that arise from Verizon's conduct," the first three of which revolve around the issue of whether Verizon "required" putative class members to work through meal periods, thus highlighting plaintiff's failure to show that he is prepared to prove putative class members were "required" to work through meal periods. Dkt. 16 at 8:20–9:7. *See also Wal-Mart*, 564 U.S. at 349–51. Of plaintiff's four other "common questions of law and fact that arise from Verizon's conduct," two of plaintiff's questions focus on whether defendants failed to adequately compensate the putative class members for missed meal breaks (thus reinforcing the need for plaintiff to "affirmatively demonstrate" that he is "prepared to prove" putative class members were denied required breaks in the

**D. Typicality**

Rule 23(a)(3) requires plaintiff to show that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." "The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 984 (9th Cir. 2011) (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)). Here, the Court has already found that plaintiff's pleadings fail to "affirmatively demonstrate" that plaintiff is "prepared to prove" his allegation that in practice, defendants denied meal and rest periods to the putative class members by requiring the putative class members to work through their meal and rest periods. *Wal-Mart*, 564 U.S. at 350. Based on those inadequacies (described *supra*, II.C), plaintiff has failed to pass the typicality test. If plaintiff cannot demonstrate that he is prepared to prove a class-wide injury for the purposes of the commonality requirement, then this Court cannot find that "other members have the same or similar injury," or that

---

first place); one of plaintiff's question asks whether "Verizon failed to affirmatively provide and ensure" required breaks (thus reinforcing the need for plaintiff to "affirmatively demonstrate" that he is "prepared to prove" that defendants were not provided or ensured required breaks); and plaintiff's final question asks whether Verizon "acted willfully" in failing to pay for "missed and noncompliant meal periods" and "all hours worked" (thus reinforcing the need for plaintiff to "affirmatively demonstrate" that he is "prepared to prove" that defendants' actions resulted in class members failing to receive required breaks). *Id*. In sum, all of plaintiff's questions ultimately point back to plaintiff's inadequate pleading. Dkt. 16 at 8:13–9:7. *See also Wal-Mart*, 564 U.S. at 349–51.

"other class members have been injured by the same course of conduct." *Ellis*, 657 F.3d at 984.

**E. Adequacy of Representation**

Rule 23(a)(4) requires plaintiff to show that "the representative parties will fairly and adequately protect the interests of the class." Defendants calculate that during plaintiff's April 23, 2026, deposition, he offered responses like "I do not recall" or "I do not know" 125 times. Dkt. 24 at 13:13–21. Based on this number, and on the substance of the questions that plaintiff could not answer due to his lack of memory or knowledge, defendants argue that plaintiff is "an inadequate class representative." Dkt. 24 at 24–25. But plaintiff has a low bar to clear in this regard. *McGuire v. Dendreon Corp.*, 267 F.R.D. 690, 696 (W.D. Wash. 2010).

> The Supreme Court has held that dismissal of a class action was not warranted even when the plaintiff showed that "she did not understand the complaint at all, that she could not explain the statements made in the complaint, that she had a very small degree of knowledge as to what the lawsuit was about, that she did not know any of the defendants by name, that she did not know the nature of their alleged misconduct."

*Id*. (citing *Surowitz v. Hilton Hotels Corp.*, 383 U.S. 363, 366 (1966)). In addition, defendants do not argue that plaintiff's counsel is inadequate. Dkts. 17, 24, 34 at 8-9. Therefore, the Court finds that plaintiff has met the adequacy of representation requirement.

**F. Predominance**

Because plaintiff has failed to meet all four requirements of Rule 23(a), the Court may not need to analyze plaintiff's arguments under Rule 23(b)(3) (which requires that "questions of law or fact common to class members predominate over any questions affecting only individual members"). *See City of Grants Pass*, 50 F.4th at 802 (9th Cir. 2022) ("*If* the initial requirements of Rule 23(a) are met, a putative class representative must also show the class falls into one of three categories under Rule 23(b).") (emphasis added). *See also* Dkt. 16 at 2:4–6. Nevertheless, the Court notes that because plaintiff has failed to put forward "a common contention" that is "capable of classwide resolution," plaintiff has also failed to offer any "common question" for the Court to analyze in regard to the predominance inquiry. *Wal-Mart*, 564 U.S. at 350, 359 ("Because respondents provide no convincing proof . . . they have not established the existence of any common question."). Therefore, the Court finds that plaintiff has not satisfied Rule 23(b)(3).

**III. Conclusion**

For all the foregoing reasons, plaintiff's motion to certify class (Dkt.16) is DENIED.

IT IS SO ORDERED.

DATED this 17th day of August, 2026.

Robert S. Lasnik
United States District Judge